**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| OLEN STEVE MCADOO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Case No. 4:04-CV-272 |
| STATE OF TEXAS, TEXAS YOUTH | § | |
| COMMISSION, DWIGHT HARRIS and | § | |
| EDUARDO MARTINEZ | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER GRANTING IN PART DEFENDANTS'
MOTIONS TO DISMISS**

The following are pending before the court:

1. Plaintiff's Rule 7(a) reply to Defendants Dwight Harris and Eduardo Martinez's assertions of the affirmative defense of qualified immunity (docket entry #31);

2. Joint Rule 12(b) motion to dismiss second amended original complaint by Defendants State of Texas and Texas Youth Commission (docket entry #33);

3. Joint Motion to dismiss second amended original complaint by Defendants Dwight Harris and Eduardo Martinez (docket entry #34);

4. Plaintiff's response to Defendants State of Texas, Texas Youth Commission's and Dwight Harris and Eduardo Martinez's motion to dismiss Plaintiff's second amended original complaint (docket entry #36); and

5. Joint reply to Plaintiff's response to the motions to dismiss second amended original complaint (docket entry #37).

Having considered the Defendants' motions to dismiss, the court is of the opinion that the motions should be granted in part.

## BACKGROUND

According to the Plaintiff's ("McAdoo") second amended original complaint, McAdoo, a white male, was employed by the Texas Youth Commission at the Gainesville State School for over fourteen years. Pl. Second Amd. Original Compl., p. 2, ¶ 10. On April 12, 2003, in accordance with a security directive issued by Deputy Executive Director Dwight Harris[1], McAdoo pepper sprayed a youth in an attempt to secure the youth's compliance with certain verbal commands. *Id*. at pp. 3-4, ¶ 12. The incident subsequently led to McAdoo's termination in December 2003 for the excessive use of force. *Id*. at p. 4, ¶ 12.

McAdoo filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). *Id*. at p. 2, ¶ 8. After the EEOC issued McAdoo a notice of right to sue, McAdoo filed the instant lawsuit on July 26, 2004. McAdoo originally sued the State of Texas and the Texas Youth Commission ("TYC") alleging violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e *et seq*., and of 42 U.S.C. §§ 1981 and 1983. The State of Texas moved to dismiss McAdoo's 42 U.S.C. §§ 1981 and 1983 claims against it, arguing Eleventh Amendment immunity. On October 27, 2004, the court dismissed McAdoo's 42 U.S.C. §§ 1981 and 1983 claims against the State of Texas.

On November 11, 2004, McAdoo filed his first amended original complaint. In his first amended original complaint, McAdoo alleged that the "Defendants' actions were discriminatory and retaliatory because other TYC employees of different races and gender received disciplinary action other than termination for similarly alleged acts of excessive force and received full and proper due process in the administration of the discipline." Pl. First Amd. Original Compl., p. 3, ¶ 10. McAdoo

---

[1] Mr. Harris currently serves as the Executive Director of the Texas Youth Commission.

further alleged that the "Defendants terminated him in violation of his constitutional rights by denying him proper due process in the grievance and appeal process." *Id*. "In part, Defendants, including Dwight Harris and Eduardo Martinez [McAdoo's supervisor], cited a pending grievance which was under appeal and not fully adjudicated as justification for terminating Plaintiff McAdoo which is in violation of Defendants' own policy." *Id*.

In response to McAdoo's first amended original complaint, the Defendants urged the following in their respective motions to dismiss:

- A. ***All of the Defendants (Dwight Harris and Eduardo Martinez in their official capacities)***

   - McAdoo's 42 U.S.C. §§ 1981 and 1983 claims are barred by the court's October 27, 2004 order;

- B. ***The State of Texas, Dwight Harris ("Harris") and Eduardo Martinez ("Martinez")***

   - McAdoo's Title VII claims should be dismissed because the State of Texas, Harris and Martinez were not McAdoo's "employer" as that term is defined by the statute;

- C. ***The Texas Youth Commission ("TYC"), Harris and Martinez***

   - McAdoo's Title VII claims should be dismissed because McAdoo failed to allege any facts in support of such a cause of action;

- D. ***TYC***

   - In the event McAdoo is permitted to proceed with his Title VII claims against the TYC, McAdoo is not entitled to recover punitive damages against the TYC under Title VII;

- E. ***Harris and Martinez***

   - McAdoo's §§ 1981 and 1983 claims should be dismissed because McAdoo failed to allege any facts in support of the same; and

   - Harris and Martinez are entitled to the defense of qualified immunity with respect to McAdoo's §§ 1981 and 1983 claims.

On June 2, 2005, this court dismissed McAdoo's 42 U.S.C. §§ 1981 and 1983 claims against the State of Texas, the TYC, Harris (in his official capacity) and Martinez (in his official capacity) with prejudice. Additionally, the court dismissed McAdoo's Title VII claims against Harris and Martinez with prejudice. The court dismissed McAdoo's request for punitive damages against the State of Texas and the TYC with prejudice as well.

Additionally, the court ordered McAdoo to file a Rule 7(a) reply to address Harris and Martinez's qualified immunity defense. The court further ordered McAdoo to file a second amended complaint. On June 24, 2005, McAdoo filed his second amended complaint and Rule 7(a) reply as ordered. In contradiction to the court's June 2, 2005 order, McAdoo, in his second amended original complaint, renewed his Title VII allegations against Harris and Martinez and his §§ 1981 and 1983 claims against the State of Texas, the TYC, Harris (in his official capacity) and Martinez (in his official capacity) even though McAdoo stipulated in his response to both motions to dismiss that he no longer seeks redress for these claims.

### LEGAL STANDARD

The Defendants are moving to dismiss McAdoo's second amended original complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. The motions to dismiss do "not clearly distinguish under which dismissal rule Defendants rely upon as to each ground for dismissal." *Elizondo v. University of Texas at San Antonio*, 2005 WL 823353, *3 (W.D. Tex. 2005). It appears to the court that the Defendants are moving to dismiss pursuant to Rule 12(b)(6).

District courts may dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A district court should grant a motion to dismiss under Rule 12(b)(6) in two situations. First, "if it appears beyond doubt that the plaintiff can prove no set of

facts in support of his claim that would entitle him to relief," dismissal is proper. *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir.) (citation omitted), *reh'g en banc denied*, 2003 U.S. App. LEXIS 23763 (5th Cir. 2003). Second, "if the allegations, accepted as true, do not present a claim upon which relief legally can be obtained," dismissal is also proper. *Adolph v. Fed. Emergency Mgmt. Agency of the United States*, 854 F.2d 732, 735 (5th Cir. 1988) (citations omitted).

Courts in this circuit have "consistently disfavored dismissal under Rule 12(b)(6)." *Scanlan*, 343 F.3d at 536 (citations omitted). In deciding whether to grant a motion to dismiss, the district court "must not go outside the pleadings and must accept all well-pleaded facts as true, viewing those facts most favorably to the plaintiff." *Id.* (citations omitted). "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (citation omitted).

### DISCUSSION AND ANALYSIS

#### A. STIPULATIONS

McAdoo has stipulated in his response to these motions that he does not seek redress under §§ 1981 and 1983 against the State of Texas, the TYC, Harris (in his official capacity) and Martinez (in his official capacity). Further, McAdoo does not seek redress under Title VII against Harris and Martinez.

#### B. QUALIFIED IMMUNITY

Harris and Martinez, in their individual capacities, move the court to dismiss McAdoo's §§ 1981 and 1983 claims based on their asserted defense of qualified immunity. In response, McAdoo argues that he has identified facts sufficient to overcome the asserted defense of qualified immunity.

In his second amended complaint, McAdoo alleges the following:

> 8. This is a discrimination and retaliation case brought under Title VII against the Defendants State of Texas, Texas Youth Commission, Dwight Harris, and Eduardo Martinez and for violations under 42 U.S.C. §§ 1981 and 1983 by Dwight Harris and Eduardo Martinez against Plaintiff. . . . Plaintiff alleges discrimination, a hostile working environment based on discrimination, and retaliation and violations of the Equal Protection clause of Article XIV of the U.S. Constitution for which Plaintiff seeks recovery under 42 U.S.C. § 1983 and for violations of 42 U.S.C. § 1981.

Pl. Second Amd. Original Compl., p. 2, ¶ 8. McAdoo further alleges:

> 15. Plaintiff alleges Defendants State of Texas, Texas Youth Commission, Dwight Harris and Eduardo Martinez's actions were racially motivated employment discrimination and retaliation . . . .
>
> 16. In addition to the foregoing actions related to Plaintiff's termination, Defendants, including Dwight Harris and Eduardo Martinez, cited a pending grievance which was under appeal and not fully adjudicated as justification for terminating Plaintiff McAdoo which is in violation of Defendants' own policy and Plaintiff's right to an investigation and hearing on the alleged misconduct. In as much as these actions were taken under the color of law by Defendants, including Defendants Harris and Martinez in their individual and representative capacities, and deprived Plaintiff of protected rights, Plaintiff seeks recovery under 42 U.S.C. §§ 1981 and 1983. Plaintiff alleges that Defendants' actions were a pattern, practice, policy or custom of Defendants'[sic] thereby subjecting Defendants to liability under 42 U.S.C. § 1983. The discrimination and retaliation conducted by Defendants, including Defendants Harris and Martinez in their individual capacities, also all violate Title VII and 42 U.S.C. § 1981 in that Plaintiff received disparate and discriminatory treatment both during the grievance process and the discipline mete [sic] out by Defendants. Particularly, Harris and Martinez deprived Plaintiff of employment opportunity [sic] and employment appeal rights.

Pl. Second Amd. Original Compl., pp. 5-6, ¶ 16. Accordingly, McAdoo has presented the following claims: (1) race discrimination (disparate treatment and retaliation) in violation of § 1981; (2) race discrimination (disparate treatment and retaliation) in violation of Title VII; and (3) pursuant to § 1983, violations of the Equal Protection Clause secured under the 14th Amendment. *See Felton v. Polles*, 315 F.3d 470, 476 (5th Cir. 2002).

"A public official performing a discretionary function enjoys qualified immunity in a civil action, provided the conduct alleged did not violate clearly established federal statutory or constitutional rights of which a reasonable person would have known." *Hernandez v. Duncanville School District*, 2005 WL 723458, *9 (N.D. Tex. 2005) (citation omitted). "Qualified immunity is not merely a defense to liability but an immunity from suit." *Id*. (citation omitted). "In addressing a claim of qualified immunity, a court must first determine whether the plaintiff has alleged a violation of a clearly established constitutional right, which is a purely legal question." *Id*. (citations omitted). "Then, the court proceeds to determine whether the right allegedly violated was clearly established at the time, such that a reasonable official would have understood that the conduct engaged in violated that right." *Id*. (citations omitted).

### 1. § 1981

Here, McAdoo did not bring his § 1981 claims pursuant to § 1983. *See Felton*, 315 F.3d at 476. Rather, McAdoo brought his § 1981 claims independently. Such a pleading is contrary to law. The Fifth Circuit requires that § 1981 claims brought against state actors be pursued via § 1983. *Id*. at 482-83. Since McAdoo did not do so, he "failed to invoke the *only* remedy available to him for the claimed deprivation of his § 1981 rights – he has essentially failed to state a claim." *Id*. at 483. Accordingly, Harris and Martinez, in their individual capacities, are entitled to qualified immunity from McAdoo's § 1981 claims.

### 2. § 1983

McAdoo alleges that Harris and Martinez are liable in their individual capacities under § 1983 for violations of his constitutional rights secured under the 14th Amendment. More specifically, McAdoo asserts an equal protection claim. However, in his Rule 7(a) reply, McAdoo

failed to address this constitutional violation. Instead, McAdoo stated as follows:

> 8. Defendants Harris and Martinez violated a clearly established constitutional or statutory right, to-wit: employment discrimination on the basis of race and retaliation protected under 42 U.S.C. §§ 1981 and 1983.

Pl. Rule 7(a) Reply, p. 3, ¶ 8. An official is not required to demonstrate that he did not violate a clearly established federal right; rather, the burden is on the plaintiff. *Felton*, 315 F.3d at 488. McAdoo failed to meet his burden. Here, McAdoo failed to address what constitutional right was violated. McAdoo's Rule 7(a) reply should have stated with specificity the constitutional right that was violated. Further, McAdoo's alleged statutory right regarding employment discrimination under § 1981 fails because it was not brought pursuant to § 1983 and, even if it was brought pursuant to § 1983, a plaintiff may not sue a non-employer defendant for employment discrimination under § 1983. Finally, the only remaining statutory claim would be Title VII, but, as acknowledged by McAdoo, such a claim cannot be brought against a non-employer.[2] Accordingly, Harris and Martinez, in their individual capacities, are entitled to qualified immunity from McAdoo's § 1983 claims.

### C.   TITLE VII

Pursuant to Rule 12(b)(6), the State of Texas and the TYC move the court to dismiss McAdoo's Title VII claims against them because McAdoo failed to state a Title VII claim upon which relief can be granted. In his second amended complaint, McAdoo alleges "discrimination, a hostile working environment based on discrimination, and retaliation." Pl. Second Amd. Original

---

[2] McAdoo would be required to prove that Harris and Martinez are employers under Title VII. However, Harris and Martinez, in their individual capacities, were not McAdoo's employers. Accordingly, McAdoo may not proceed under § 1983 against Harris and Martinez in order to establish a Title VII violation.

Compl., p. 2, ¶ 8.

### 1.    *Disparate treatment and retaliation*

Accepting as true all the allegations set forth in McAdoo's second amended complaint and drawing all reasonable inferences in favor of McAdoo, it appears to the court that McAdoo has set forth sufficient facts to support his claims of disparate treatment discrimination and retaliation. Plaintiff has alleged that Bill Turner, an African-American, "sprayed a youth" and was only demoted, not terminated. Accordingly, the State of Texas and the TYC's 12(b)(6) motion to dismiss McAdoo's disparate treatment and retaliation claims is denied.

### 2.    *Hostile work environment*

To establish a hostile work environment claim, McAdoo must show that: (1) he belonged to a protected group; (2) he was subject to unwelcome harassment; (3) the harassment complained of was based on race; (4) the harassment complained of affected a term, condition or privilege of employment; and (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action. *Fortenberry v. State of Texas*, 75 Fed.Appx. 924, 928 (5th Cir. 2003).

The State of Texas and the TYC argue that McAdoo failed to allege sufficient facts in support of his hostile work environment claim. The court agrees. McAdoo has failed to allege any facts relating to racial harassment. Accordingly, the State of Texas and the TYC's 12(b)(6) motion to dismiss McAdoo's hostile work environment claim is granted.

## CONCLUSION

Based on the foregoing, the court concludes that the joint Rule 12(b) motion to dismiss second amended original complaint by Defendants State of Texas and Texas Youth Commission

(docket entry #33) and the joint motion to dismiss second amended original complaint by Defendants Dwight Harris and Eduardo Martinez (docket entry #34) are each GRANTED IN PART. McAdoo's 42 U.S.C. §§ 1981 and 1983 claims against the State of Texas, the TYC, Harris (in his official and individual capacities) and Martinez (in his official and individual capacities) are hereby dismissed with prejudice. McAdoo's Title VII claims against Harris and Martinez are also dismissed with prejudice. Finally, McAdoo's Title VII claim against the State of Texas and the TYC for a hostile work environment is dismissed with prejudice.

    IT IS SO ORDERED.

    **SIGNED this the 26th day of September, 2005.**

_Richard A. Schell_
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE